**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JOHN ROBERT DEMOS,**

                **Petitioner,**

     v.                                      CASE NO. 09-3277-RDR

**STATE OF WASHINGTON, et al.,**

                **Respondents.**

**O R D E R**

Before the court is a pro se petition submitted by a prisoner incarcerated in a state correctional facility in Aberdeen, Washington, in service of the sentence imposed pursuant to his 1987 Washington state conviction. Having reviewed petitioner's limited financial resources, the court liberally construes the pro se pleading as sounding sufficiently in habeas corpus such that the filing fee provisions imposed by the Prison Litigation Reform Act in 1996 do not apply, and grants petitioner's motion for leave to proceed in forma pauperis.[1]

---

[1] *See* United States v. Simmonds, 111 F.3d 737 (10th Cir. 1997)(Prison Litigation Reform Act does not encompass state habeas actions).
    The court admits to this being a close call in the present case, and notes other courts have found similar pleadings filed by petitioner to be subject to the "3-strike" provision in 28 U.S.C. § 1915(g). *See e.g.* "Motion[s] for Declaratory Ruling" filed in Demos v. United States, Case No. 08-CV-257 (E.D.Kentucky, § 1915(g) Order entered June 15, 2008) and Demos v. United States, Case No. 08-CV-77 (E.D.Mo., § 1915(g) Order entered May 21, 2008).
    One district court in the Tenth Circuit liberally construed petitioner's submitted pleading as a habeas petition, granted petitioner leave to proceed in forma pauperis, dismissed the

Petitioner titles his pleading as a "Petition for Review, Declaratory Ruling, or in the alternative A Writ of Supervisory Control," and appears to seek this court's review and resolution of a conflict petitioner perceives in federal court decisions involving issues of multiplicity in charging criminal offenses.

Petitioner essentially seeks an advisory opinion, and implies such an opinion is needed to address alleged error in his Washington state conviction. However, the Supreme Court has stated that "a federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them. Its judgments must resolve a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Preiser v. Newkirk, 422 U.S. 395, 401 (1975)(internal quotation marks omitted). Petitioner appears to seek such an opinion because he believes it would impact the validity of his Washington state conviction. While it is beyond doubtful what impact resolution of this perceived conflict in federal criminal law would have on petitioner's state conviction, it is clear that federal courts are to avoid rendering advisory opinions in state habeas matters. Michigan v. Long, 463 U.S. 1032, 1040 (1983). Accordingly, petitioner's request for review of federal law and a declaratory

---

petition without prejudice, and imposed restrictions on petitioner's future filings. *See* Demos v. United States, Case No. 08-814 (D.N.Mex., Order and Judgment entered September 25, 2008), *appeal dismissed* (10th Cir. 2009).

ruling is denied.

To the extent petitioner alternatively seeks a "Writ of Supervisory Control," the court finds this request sounds in habeas corpus given the apparent basis for petitioner's request, and is dismissed without prejudice.

There is no legal basis for petitioner to proceed in the District of Kansas under the general habeas statute, 28 U.S.C. § 2241. Even if a valid claim under § 2241 were being raised, this court would lack jurisdiction to consider it because petitioner and his custodian are both located outside of Kansas. While the United States district courts have jurisdiction to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3), "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 435-36 (2004)). *See also* Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence ... and must be filed in the district where the prisoner is confined."); Harris v. Champion, 51 F.3d 901, 906 (10th Cir. 1995)(stating it is well established that the proper respondent in a habeas action is the petitioner's current custodian).

Likewise, this court has no jurisdiction to consider any claim by petitioner for habeas relief under 28 U.S.C. § 2254, the habeas statute governing any challenge to the legality of petitioner's

3

state court judgment.  Preiser v. Rodriquez, 411 U.S. 475 (1973).  *See also* Felker v. Turpin, 518 U.S. 651, 662 (1996)("Our authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'").  Nor would transfer of this matter to an appropriate district court be in the interest of justice under the circumstances, In re Cline, 531 F.3d 1249 (10th Cir. 2008), as it clearly appears petitioner pursued such relief in the past without success, and is now subject to statutory restrictions on pursuing a second or successive § 2254 petition.  *See* 28 U.S.C. § 2244(b)(3)(procedure for seeking authorization from appropriate court of appeals to file second or successive § 2254 petition in district court).

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis (Doc. 3) is granted.

IT IS FURTHER ORDERED that petitioner's request for review and a declaratory ruling is denied, and that petitioner's alternative request for a writ of supervision is dismissed without prejudice.

DATED:  This 4th day of February 2010, at Topeka, Kansas.


    s/ Richard D. Rogers
    RICHARD D. ROGERS
    United States District Judge